UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff/Respondent,

vs.                                              Case No. 92-81127

GENE O. POLK,

                                                          HON. AVERN COHN

    Defendant/Petitioner.

_____/

**<u>ORDER DENYING MOTION UNDER RULE 60(b) (Doc. 2148)
AND DENYING A CERTIFICATE OF APPEALABILITY</u>**

I.

This is a criminal case. Defendant/Petitioner Gene O. Polk (Petitioner) is serving a life sentence following his jury conviction on multiple drug related offenses. As will be explained, Petitioner has pursued multiple post-conviction remedies, including a motion under 28 U.S.C. § 2255 and two petitions for writ of audita querela under 28 U.S.C. § 1651. None of them were successful. Before the Court is Petitioner's motion under Fed. R. Civ. P. 60(b), in which he again argues he is entitled to relief based on the United States Supreme Court's decision in <u>United States v. Richardson</u>, 526 U.S. 813 (1999).[1] For the reasons which follow, the motion will be denied.

---

[1] In <u>Richardson</u>, the Supreme Court held that "a jury in a federal criminal case brought under § 848 [the CCE statute] must unanimously agree not only that the defendant committed some 'continuing series of violations' but also that the defendant committed each of the individual 'violations' necessary to make up that 'continuing series,'" 526 U.S. at 815.

II.

The Court of Appeals for the Sixth Circuit, in affirming the Court's denial of Petitioner's first petition for writ of audita querela, see case no. 11-11252, summarized the background of this case, including Petitioner's numerous attempts to seek relief from his conviction and sentence:

> In 1995, a jury found Polk guilty of conspiracy to possess with intent to distribute cocaine and cocaine base, aiding and abetting intentional killing in furtherance of a continuing criminal enterprise, and using or carrying a firearm in relation to a drug trafficking crime. These charges arose out of his leadership and involvement in the "Best Friends" organization, a large-scale cocaine distribution organization in Detroit, Michigan. Polk was sentenced to life in prison, plus 45 years. This court affirmed Polk's conviction and sentence, United States v. Polk, No. 96-1492, 1999 WL 397922 (6th Cir. June 2, 1999) (unpublished), and the Supreme Court denied review, 528 U.S. 1055 (1999).
> Polk then filed a motion to vacate his sentence under 28 U.S.C. § 2255, which the district court denied in 2001, and this court denied a certificate of appealability. Polk's motion to file a successive § 2255 motion was also denied. In 2006, Polk filed a petition for habeas relief under 28 U.S.C. § 2241 in a federal district court in Florida, which was denied. Polk v. Yates, No. 04-548 (M.D. Fl. Oct. 2006).
> Polk then filed a second § 2241 petition in the United States District Court for the Eastern District of Michigan, which was transferred to the Western District of Louisiana, because Polk had been transferred to a Louisiana federal prison. The Louisiana district court denied the petition, and the Fifth Circuit affirmed. In its decision, the Fifth Circuit determined that Polk's challenge to his conviction, based on the holding in Richardson v. United States, 526 U.S. 813 (1999), was raised in his initial § 2255 motion in the Michigan federal district court, and that Polk had not shown that a § 2255 motion would be inadequate to test the legality of this same challenge.
> Polk then filed a petition with this court, challenging the transfer of his § 2241 petition to the Louisiana district court, and asking this court to review his claim on the merits. This court denied the request for mandamus on August 24, 2010, noting that Polk had numerous ways to pursue relief and that those alternatives were not inadequate simply because relief had been denied.
> In March 2011, Polk filed the pro se petition for audita querela now before us for review, arguing that he was denied the opportunity to challenge his convictions based on Richardson. The district court determined that Polk was seeking to set aside his conviction with a legal challenge, and that his claim was cognizable in a § 2255 motion, so that relief under the writ of audita querela was not available. The district court also determined that relief under audita querela

2

could not be granted before Polk had finished serving his sentence and had been released.

Polk v. United States, No. 11-1620 (6th Cir. Jan. 31, 2012). Following the Sixth Circuit's decision, Petitioner sought, and was denied certiorari. Polk v. United States, No. 11-9962 (Supreme Court May 21, 2012).

Petitioner then filed a second petition for a writ of audita querela. Polk v. United States, case no. 13-13769. The Court denied the petition on September 27, 2013 for the same reasons his first petition for writ of audita querela was denied. See Doc. 4 in case no. 13-13769.

Meanwhile, Petitioner filed a motion in the Sixth Circuit seeking permission to file a second or successive motion under § 2255, again based on the holding in Richardson. The Sixth Circuit denied the motion. In re: Gene Polk, No. 12-2064 (6th Cir. Mar. 6, 2013).

On October 21, 2013, Petitioner filed the instant motion under Rule 60(b).

III.

Rule 60(b) of the Federal Rules of Civil Procedure offers losing parties limited grounds for relief from judgments.[2] GenCorp, Inc. v. Olin Corp., 477 F.3d 368, 372 (6th Cir. 2007). Petitioner seeks relief under Rule 60(b)(6). The Sixth Circuit has held:

---

[2](1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

3

"Courts ... must apply subsection (b)(6) only as a means to achieve substantial justice when something more than one of the grounds contained in Rule 60(b)'s first five clauses is present. The something more ... must include unusual or extreme situations where principles of equity mandate relief." Ford Motor Co. v. Mustangs Unlimited, Inc., 487 F.3d 465, 468 (6th Cir. 2007). Because our public policy favors finality in judgments, relief under Rule 60(b)(6) is extremely limited. Waifersong Ltd., Inc. v. Classic Music Vending, 976 F.2d 290, 292 (6th Cir. 1992); see also Blue Diamond Coal Co. v. Trs. of UMWA Combined Benefit Fund, 249 F.3d 519, 524 (6th Cir. 2001) (In the absence of "extreme and extraordinary circumstances," the principles of equity do not mandate relief under Rule 60(b)(6)).

Petitioner has not satisfied the standard for relief under 60(b)(6). As explained in the Court's order denying his motion under § 2255, the decision in Richardson does not provide an avenue for relief. Moreover, the Sixth Circuit recently informed Petitioner that he was not entitled to file a second petition under § 2255 based on Richardson, stating:

> Richardson did not create a new rule of constitutional law, but rather, was a case of "pure statutory interpretation." Statutory interpretation cases do not satisfy the § 2255(h) requirement of showing a new rule of constitutional law.

In re: Gene Polk, No. 12-2064 at p. 2. Petitioner is really just seeking reconsideration of the rejection of his arguments based on Richardson. This does not present an unusual or extraordinary circumstances that warrant 60(b)(6) relief. Accordingly, Petitioner's motion is DENIED.

IV.

4

Before Petitioner can appeal the Court's decision, a certificate of appealability (COA) must issue.  See United States v. Hardin, 481 F.3d 924, 926 (6th Cir. 2007) (stating that "this prerequisite [a COA] is consistent with the language of section 2253, and therefore hold that [a Petitioner] must obtain a certificate of appealability before his appeal of the denial of his Rule 60(b)).  A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  Reasonable jurists would not debate the Court's conclusion that Petitioner is not entitled to relief under Rule 60(b)(6).  Accordingly, a COA is DENIED.

SO ORDERED.

 S/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE

Dated:  November 5, 2013

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, November 5, 2013, by electronic and/or ordinary mail.

 S/Sakne Chami
Case Manager, (313) 234-5160