UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff/Respondent,

vs.                                                       Case No. 92-81127-34

GENE O. POLK,

                                                       HON. AVERN COHN

    Defendant/Petitioner.

_____/

**ORDER TRANSFERRING MOTION UNDER RULE 60(b)(6) (Doc. 2224) TO THE COURT OF APPEALS FOR THE SIXTH CIRCUIT**

I.

This is a criminal case. Defendant/Petitioner Gene O. Polk (Petitioner) is serving a life sentence following his jury conviction on multiple drug related offenses. Petitioner has pursued multiple post-conviction remedies, including motions under 28 U.S.C. § 2255, 28 U.S.C. § 2241, and two petitions for writ of audita querela under 28 U.S.C. § 1651. None of them were successful. Before the Court is Petitioner's motion under Fed. R. Civ. P. 60(b)(6), in which he again argues he is entitled to relief based on the Supreme Court's decision in United States v. Richardson, 526 U.S. 813 (1999).[1] He also says that the Supreme Court's decision in Ring v. Arizona, 536 U.S. 584 (2002), presents a defect in the proceedings that would warrant a different disposition of the case. This is Petitioner's third motion under Rule 60(b)(6). As will be explained, it is more appropriately considered a motion under 28 U.S.C. § 2255. As such, it will be transferred to the Court of Appeals for

---

[1] In Richardson, the Supreme Court held that "a jury in a federal criminal case brought under § 848 [the CCE statute] must unanimously agree not only that the defendant committed some 'continuing series of violations' but also that the defendant committed each of the individual 'violations' necessary to make up that 'continuing series,'" 526 U.S. at 815.

the Sixth Circuit for a determination of whether Petitioner is entitled to file a second or successive motion.

## II.

In October 2013, Petitioner filed his first motion under Rule 60(b)(6) based on Richardson. On November 5, 2013, the Court denied the motion as well as a certificate of appealability. (Doc. 2150). On June 10, 2014, the Court of Appeals for the Sixth Circuit also denied a certificate of appealability as to the Rule 60(b)(6) motion. The Sixth Circuit's opinion summarizes the background of this case, including Petitioner's attempts to seek relief from his conviction and sentence. See Polk v. United States, No. 13-2728 (6th Cir. June 10, 2014). It will not be repeated here.

In July 2014, Petitioner filed a second motion under Rule 60(b) based on Richardson and Ring. (Doc. 2180). The Court denied the motion and a certificate of appealabillity. (Doc. 2182). Petitioner appealed. The Sixth Circuit determined that Petitioner's motion was in fact a motion under § 2255 and should have been transferred for consideration of whether Petitioner is entitled to file a second or successive § 2255 motion. So construed, the Sixth Circuit denied Petitioner permission to file such a motion. Polk v. United States, No. 14-2165 (6th Cir. Mar. 31, 2015).

In August 2015, Petitioner has filed his third motion under Rule 60(b).

## III.

Petitioner's present motion is no different than his prior Rule 60(b) motion that the Sixth Circuit found to be a motion under § 2255, not a Rule 60(b) motion. As the Sixth Circuit explained:

> Although [Petitioner] argues that there was a defect in the original § 2255 proceedings, a review of the Rule 60(b) motion reflects that he merely argues that the district court arrived at the wrong decision on the merits of his claim. This argument does not constitute a challenge to the integrity of the original § 2255 proceedings. . .

Id. at p. 2.

A review of Petitioner's motion shows that he continues to challenge the Court's decision on the merits denying his Richardson claim.  Petitioner's motion must therefore be construed not as a motion under Rule 60(b) but as a motion under § 2255.

Before a second or successive motion to vacate sentence under § 2255 is filed in a federal district court, a petitioner must first file a motion with the appropriate court of appeals requesting permission to file a second or successive motion to vacate sentence.  28 U.S.C. § 2244(b)(3); see also In Re Hanserd, 123 F.3d 922, 934 (6th Cir. 1997).  Where, as here, a successive motion to vacate sentence is erroneously filed with the district court, the district court is required to transfer the motion to the court of appeals under 28 U.S.C. § 1631.  Id. (citing In Re Sims, 111 F.3d 45, 47 (6th Cir. 1997)).  A district court does not have jurisdiction to entertain a successive post-conviction motion or petition for writ of habeas corpus in the absence of an order from the court of appeals authorizing the filing of such a successive motion or petition.  Ferrazza v. Tessmer, 36 F. Supp. 2d 965, 971 (E.D. Mich. 1999).

Accordingly, the Court TRANSFERS this matter (Doc. 2224) to the Sixth Circuit under 28 U.S.C. § 1631 for a determination of whether Petitioner is entitled to a certificate of authorization to file a successive motion to vacate under § 2255.

SO ORDERED.

                              S/Avern Cohn
                              AVERN COHN
                              UNITED STATES DISTRICT JUDGE

Dated: August 11, 2015
       Detroit, Michigan